UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAKEIRA GITTENS, on behalf of herself, individually, and on behalf of all others similarly-situated, <br><br> Plaintiff, <br><br> -against- <br><br> 7-ELEVEN, INC., <br><br> Defendant. | **COMPLAINT** <br><br> Docket No.: 17-cv-6378 <br><br> Jury Trial Demanded |

Plaintiff, SHAKEIRA GITTENS, ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against 7-ELEVEN, INC. ("7-Eleven" or "Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon egregious violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

1

2. Plaintiff worked for Defendant - - a national convenience store chain - - as an hourly employee from on or around July 23, 2015 through on or around May 19, 2017. Throughout her employment, Plaintiff worked for Defendant at three different store locations on Long Island, commonly reporting to and working with Ms. Shavonna Mughal - - one of Defendant's rotating Store Managers. Until in or around mid-May of 2016, Plaintiff commonly worked over forty hours per week, and was consistently paid overtime compensation at the rate of one and one-half her regular rate of pay for all hours worked over forty. But then, beginning in or around late-May 2016, 7-Eleven Field Consultant Jason Ferencz began managing Plaintiff and Mughal's store, as well as at least three other stores on Long Island. As a Field Consultant, Ferencz was responsible for supervising several stores on Defendant's behalf. In his capacity as Field Consultant, although Plaintiff continued to work overtime hours each week or nearly each week, Ferencz instructed Mughal and other 7-Eleven Store Managers to manually edit their stores' employee time records by shaving time off of their hours worked, thereby avoiding paying them their overtime pay for many hours per week across Ferencz's geographical area of responsibility. This continued until approximately late December 2016, when - - to escape detection for his nefarious scheme - - Ferencz blamed Mughal for his 7-Eleven stores' time-shaving practice, and terminated her employment with Defendant as a result.

3. Therefore, as described below, for the period between approximately mid-May 2016 and late December 2016 (hereinafter, "the Relevant Time Period"), Defendant egregiously failed to pay Plaintiff the overtime wages lawfully due to her under the FLSA and the NYLL as a result of Ferencz's time-shaving scheme.

4. Furthermore, Defendant violated the NYLL by failing to provide Plaintiff with accurate wage statements on each payday during the Relevant Time Period.

5. Defendant paid and treated all of their hourly employees who worked at stores under Ferencz's purview in the same manner during the Relevant Time Period.

6. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's violations of the FLSA. Plaintiff brings her claims under the NYLL and NYCCRR on behalf of herself, individually, and on behalf of any FLSA Plaintiff who opts-in to this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

10. Throughout the Relevant Time Period, Plaintiff worked for Defendant at one of its stores in Freeport, New York, and was an "employee" entitled to protection as defined by the FLSA, NYLL, and the NYCCRR.

11. At all relevant times herein, Defendant 7-Eleven was and is a Texas corporation with its principal place of business located at 1722 Routh Street, Suite 1000, Dallas, Texas 75201.

12. At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA and the NYLL. Additionally, Defendant's qualifying annual business exceeds $500,000.00, and Defendant is engaged in interstate commerce within the meaning of the FLSA as it is headquartered in Texas and does business in several other states, including New York.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf, as well as on behalf of those in the following collective:

> Current and former hourly employees, who during the Relevant Time Period, performed any work for or on behalf of Defendant in any 7-Eleven stores under the purview of Field Consultant Jason Ferencz, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid

the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times, Defendant was aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendant purposefully and willfully chose not to do so.

16. Thus, throughout the Relevant Time Period, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly situated who, during the Relevant Time Period, were subjected to violations of the NYLL and the NYCCRR.

18. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;
   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
   c. Claims or defenses of the representative are typical of the class;
   d. The representative will fairly and adequately protect the class; and
   e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former hourly employees who performed any work for
> or on behalf of Defendant in any 7-Eleven stores under the

5

purview of Field Consultant Jason Ferencz during the Relevant Time Period within the State of New York who: (1) worked over forty hours in a workweek; and/or (2) were not provided with a paystub / wage statement on each payday that listed all hours worked during each week of the payperiod ("Rule 23 Plaintiffs").

Numerosity

20. During the Relevant Time Period the Defendant have, in total, employed at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

21. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendant required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendant failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty hours in a week; (5) whether the Defendant furnished Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (6) whether the Defendant kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (7) whether the Defendant kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (8) whether the Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22. As described in the "Background Facts" section below, the Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiff's claims are typical of

the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant as hourly employees in 7-Eleven stores that fell under the geographical area reporting to Field Consultant Ferencz in New York, and the Defendant did not pay them overtime pay for all hours worked in a week over forty.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty hours and to be furnished with accurate wage statements on each payday.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendant's failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation, due to the Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

<u>Adequacy</u>

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout the Relevant Time Period.  Defendant did not pay Plaintiff overtime for all hours worked over forty hours in a week and did not furnish Plaintiff with accurate wage statements on each payday during the Relevant Time Period, which is substantially similar to how Defendant paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendant's Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

<u>Superiority</u>

24. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by an hourly employee of the Defendant who worked in any store under Field Consultant Ferencz's purview during the Relevant Time Period would be identical to a suit brought by any other hourly employee for the same violations. Thus, separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

27. Additionally, Plaintiff's counsel has substantial experience in this field of law.

**BACKGROUND FACTS**

28. Defendant 7-Eleven operates a popular chain of convenience stores on a nation-wide basis. One such store that it owned and operated, meaning that it was not a franchise, at least until on or around May 22, 2017, is located at 80 Brooklyn Avenue, Freeport, New York 11520 (hereinafter the "Freeport Store").

29. Unnamed party Jason Ferencz is a 7-Eleven field consultant. In that capacity, Ferencz oversees and oversaw the operations for at least three stores in Nassau County - - including the Freeport Store, as well as Long Island stores located in Rockville Center and Merrick - - on a daily basis. To that end, as described in some detail above, Defendant Ferencz personally interacted with 7-Eleven store managers regarding various day-to-day issues,

8

including but not limited to store employee work hours, and store payroll, at the Freeport Store and elsewhere.

30. Plaintiff worked for Defendant from on or around July 23, 2015 until on or around May 19, 2017, as a store clerk and assistant store manager in multiple 7-Eleven stores.

31. Plaintiff worked at the Freeport Store as a store clerk and assistant manager from in or around May 2016 until on or around May 19, 2017.

32. Plaintiff reported directly to Shavonna Mughal, the Freeport Store manager throughout the Relevant Time Period.

33. Throughout her employment at the Freeport Store Plaintiff's duties included receiving and restocking merchandise, working the cash register, and preparing food and beverages for Defendant's customers.

34. As is relevant to this matter, from May 20, 2016 through on or about December 27, 2016, Plaintiff's workweeks varied. That is, Defendant, during that time, required Plaintiff to work, and Plaintiff did work, between five and seven days per week, with a thirty minute break for each shift lasting over six hours. For at least five of those days, Plaintiff worked an eight hour shift, generally from 10:00 p.m. to 6:00 a.m. In addition, Plaintiff routinely worked up to three additional shifts per week - - in some instances, working two shifts per day - - ranging from three to ten hours per shift. As a result, Plaintiff worked a total of between forty and as many as sixty-two hours per week.

35. Throughout her employment at the Freeport Store Defendant promised to pay Plaintiff a regular rate of $13.00 per hour and overtime rate of $19.50 per hour, and kept track of Plaintiff's hours worked using an electronic punch clock timekeeping system.

9

36. Throughout the Relevant Period, however, Defendant - - at the instruction of Defendant Ferencz - - manually manipulated Plaintiff's time records to shave hours off of her working time. As a result, Defendant failed to pay Plaintiff at any rate for those hours worked, and thus not at the rate of one and one-half times her hourly rate of pay for many of the hours that Plaintiff worked over forty each week.

37. This practice ceased on or after December 27, 2016, when Defendant Ferencz scapegoated then-manager of the Freeport Store, Shavonna Mughal by: firing her, laying the blame for his time-shaving at her feet, and ceasing the practice thereafter at all stores under his purview to avoid detection as the true time-shaving culprit.

38. By way of example only, during the pay week of Friday September 16 to Thursday September 22, 2016, Defendant paid Plaintiff for forty hours at the rate of $13.00 per hour and 0.47 hours at the rate of $19.50 per hour. Yet - - excluding her breaks - - Defendant required Plaintiff to work, and Plaintiff did in fact work, approximately forty-eight hours that week. Defendant paid Plaintiff nothing - - and therefore not one and one-half her regular rate of pay - - for all hours worked beyond her first 40.47 hours that week.

39. Defendant paid Plaintiff on a weekly basis.

40. On many occasions when Defendant paid Plaintiff throughout the Relevant Time Period, Defendant intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*: her actual hours worked for that week and/or her straight and overtime rates of pay for all hours worked.

41. Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described above.

42. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

43. Defendant acted in the manner described herein so as to minimize its overhead while maximizing profits.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the FLSA*

44. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

46. As described above, Defendant is an employer within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

47. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendant failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

48. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

49. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## **SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the NYLL and the NYCCRR*

50. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

52. As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

53. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFNEDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

58. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

59. As also described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage statements on each payday containing the criteria required under the NYLL.

60. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

61. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h. Designation of Plaintiff and her counsel as class/collective action representatives under the FRCP and the FLSA;

   i.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, as well as reasonable attorneys' fees, and an award of a service payment to Plaintiff;

   j.  Pre-judgment and post-judgment interest, as provided by law; and

   k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
   November 1, 2017

               Respectfully submitted,

               BORRELLI & ASSOCIATES, P.L.L.C.
               *Attorneys for Plaintiff*
               655 Third Avenue, Suite 1821
               New York, New York 10017
               Tel. (212) 679-5000
               Fax. (212) 679-5005

       By: _____
           MICHAEL R. MINKOFF (MM 4787)
           ALEXANDER T. COLEMAN (AC 8151)
           MICHAEL J. BORRELLI (MB 8533)