UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAKEIRA GITTENS, on behalf of herself, individually, and on behalf of all others similarly-situated<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC.,<br><br>Defendant. | Case No.: 2:17-cv-06378<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES** |

Defendant 7-ELEVEN, INC., by and through its undersigned counsel, hereby files its Answer and Affirmative and Other Defenses to Plaintiff's Complaint (Dkt. 1), stating as follows:

## NATURE OF THE CASE

1.  Defendant admits that Plaintiff brings an action for alleged violations of, and purported damages under, the overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"), overtime provisions of the New York Labor Law ("NYLL") and New York Compilation of Codes, Rules, and Regulations ("NYCRR"), and wage statement requirements of the NYLL, as well as other vaguely referenced, unidentified claims. Defendant denies wrongdoing under any such laws, denies that Plaintiff is entitled to any of the purported damages or other relief that she seeks, and denies the remaining allegations in Paragraph 1 of the Complaint.

2.  Defendant admits that: (i) it is a national convenience store chain; (ii) it employed Plaintiff from July 21, 2015 until May 8, 2017; and (iii) Plaintiff worked at different stores on Long Island, reporting, for a period of time, to Store Manager Shabana Mughal, who for a period of time reported to Field Consultant Jason Ferencz. Defendant also admits that Plaintiff sometimes worked over 40 hours in a workweek and that, when she did so, Defendant paid her for hours in

excess of 40 at time and one-half her regular rate of pay. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4. Paragraph 4 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5. Defendant admits that hourly employees at stores owned and operated by Defendant 7-Eleven, Inc. within Field Consultant Ferencz's area were paid an hourly rate of pay for all hours worked, as well as time and one-half their regular rate of pay for any hours worked in excess of 40 in a workweek. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits that Plaintiff purports to bring her lawsuit as a collective action pursuant to Section 216(b) of the FLSA (29 U.S.C. § 216(b)) on behalf of allegedly "similarly situated" individuals. Defendant denies that Plaintiff satisfies the requirements to proceed on a collective action basis, denies that this case is appropriate for collective action treatment, denies any wrongdoing under the FLSA, NYLL, or NYCRR, and denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff purports to bring her lawsuit as a class action pursuant to Fed. R. Civ. P. 23 on behalf of allegedly "similarly situated" individuals. Defendant denies that Plaintiff satisfies the requirements to proceed on a class action basis, denies that this case is appropriate for class action treatment, denies any wrongdoing under the FLSA, NYLL, or NYCRR, and denies the remaining allegations in Paragraph 7 of the Complaint.

**JURISDICTION AND VENUE**

8. Defendant admits that this Court has jurisdiction over the claims raised in this

action pursuant to 28 U.S.C. §§ 1331 and 1367.

9. Paragraph 9 of the Complaint sets forth a legal conclusion to which no response is required. Defendant admits, however, that venue is proper.

## PARTIES

10. Paragraph 10 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits Plaintiff was an employee of Defendant who worked at the Freeport, New York store owned and operated by Defendant 7-Eleven, Inc., during the Relevant Time Period, as that term is defined in the Complaint. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that its annual business volume exceeds $500,000 and that it is engaged in interstate commerce within the meaning of the FLSA. Defendant denies the remaining allegations in Paragraph 12.

## COLLECTIVE ACTION ALLEGATIONS

13. Defendant admits that Plaintiff purports to bring her lawsuit as a collective action pursuant to Section 216(b) of the FLSA (29 U.S.C. § 216(b)) on behalf of the collective defined in Paragraph 13 of the Complaint. Defendant denies that Plaintiff satisfies the requirements to proceed on a collective action basis, denies this case is appropriate for collective action treatment, denies any wrongdoing with respect to Plaintiff or those she purports to represent or otherwise include in this lawsuit, and denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits that during the Relevant Time Period, as that term is defined in the Complaint, hourly employees at stores owned and operated by Defendant within Field Consultant Ferencz's territory were compensated via an hourly rate of pay, including time and

one-half their regular rate of pay for any hours worked in excess of 40 in a given workweek. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendant admits that at all times during the Relevant Time Period, as that term is defined in the Complaint, Defendant was aware of its obligations under the FLSA and NYLL, including the obligation to pay nonexempt employees at a rate of one and one-half times their regular rate of pay for any hours worked in excess of 40 per workweek. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

## RULE 23 CLASS ALLEGATIONS

17.     Defendant admits that Plaintiff purports to bring her lawsuit as a class action pursuant to Fed. R. Civ. P. 23 on behalf of allegedly "similarly situated" individuals. Defendant denies that Plaintiff satisfies the requirements to proceed on a class action basis, denies that this case is appropriate for class action treatment, denies any wrongdoing with respect to Plaintiff or any individuals she purports to represent, and denies the remaining allegations in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Paragraph 18 sets forth a non-exhaustive list of requirements that Plaintiff must satisfy in order to proceed on a class action basis. Defendant denies the remaining allegations in Paragraph 18.

19.     Defendant admits that Plaintiff purports to bring her lawsuit as a class action pursuant to Fed. R. Civ. P. on behalf of the class defined in Paragraph 19 of the Complaint. Defendant denies that Plaintiff satisfies the requirements to proceed on a class action basis, denies this case is appropriate for class action treatment, denies any wrongdoing with respect to Plaintiff

or those she purports to represent or otherwise include in this lawsuit, and denies the remaining allegations in Paragraph 19 of the Complaint.

### Numerosity

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

### Common Questions of Law and/or Fact

21. Paragraph 21 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

### Typicality of Claims and/or Defenses

22. Paragraph 22 of the Complaint sets forth various legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

### Adequacy

23. Paragraph 23 of the Complaint sets forth various legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23.

### Superiority

24. Paragraph 24 of the Complaint sets forth various legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint sets forth various legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27. Upon information and belief, Defendant admits that Plaintiff's counsel has prior experience litigating claims arising under the FLSA, as well as the NYLL and NYCRR.

## BACKGROUND FACTS

28.     Defendant admits the allegations in Paragraph 28 of the Complaint.

29.     Defendant admits that Jason Ferencz, as a Field Consultant, oversaw two stores owned and operated by Defendant 7-Eleven, Inc. in Nassau County, New York during the Relevant Time Period, as that term is defined in the Complaint. This includes the Freeport Store, as that term is defined in the Complaint. Defendant admits that as a Field Consultant, it was Ferencz's job to assist the Store Managers of such stores, including on issues relating to payroll and scheduling. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30.     Defendant admits that it employed Plaintiff from on or around July 21, 2015 until May 8, 2017 as a Store Clerk or Assistant Store Manager, in multiple different stores. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31.     Defendant admits that it employed Plaintiff as an Assistant Store Manager at the Freeport Store, as that term is defined in the Complaint, from on or around May 6, 2016 until on or around May 8, 2017. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32.     Defendant admits that Plaintiff reported to Shabana Mughal, the Store Manager of the Freeport Store during the Relevant Time Period, as those terms are defined in the Complaint. Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33.     Defendant admits that Plaintiff's duties at the Freeport Store, as that term is defined in the Complaint, included, but were not limited to, assisting with or overseeing the receiving and restocking merchandise, managing the cash register, and food preparation. Defendant denies the remaining allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant admits that during Plaintiff's employment with Defendant 7-Eleven, Inc.

at the Freeport Store, as that term is defined in the Complaint, Defendant paid her a base hourly rate of $13.00 per hour, plus time and one-half her regular rate of pay for any hours worked in excess of 40 in a workweek. Defendant also admits that Plaintiff was required to record hours worked using Defendant's electronic timekeeping system. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant admits that the practice referred to in Paragraph 37 of the Complaint did not take place after December 27, 2016. Defendant denies that such practice took place prior to that time and denies the remaining allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant admits the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff performed work for the benefit of Defendant 7-Eleven, Inc. Defendant denies the remaining allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

**FIRST CLAIM FOR RELIEF**
*Unpaid Overtime Under the FLSA*

44. Defendant incorporates and restates its responses to Paragraphs 1 through 43 of the Complaint.

45. Paragraph 45 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that 29 U.S.C. § 207(a) provides,

in part, that: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Defendant denies the remaining allegations in Paragraph 45.

46. Paragraph 46 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it was an employer within the meaning of the FLSA, and Plaintiff was its employee within the meaning of the Act, during the relevant time that Plaintiff worked at a store owned and operated by Defendant 7-Eleven, Inc. Defendant denies the remaining allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47.

48. Paragraph 48 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

49. Paragraph 49 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49.

**FIRST CLAIM FOR RELIEF**
*Unpaid Overtime Under the FLSA*

50. Defendant incorporates and restates its responses to Paragraphs 1 through 49 of the Complaint.

51. Paragraph 51 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that 12 NYCRR § 142-2.2

provides, in part, that: "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended…." Defendant denies the remaining allegations in Paragraph 51.

52. Paragraph 52 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it was an employer within the meaning of the NYLL and NYCRR, and Plaintiff was its employee within the meaning of those laws, during the relevant time that Plaintiff worked at a store owned and operated by Defendant 7-Eleven, Inc. Defendant denies the remaining allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54. Paragraph 54 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

55. Paragraph 55 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

### THIRD CLAIM FOR RELIEF
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

56. Defendant incorporates and restates its responses to Paragraphs 1 through 55 of the Complaint.

57. Paragraph 57 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Paragraph 57 contains an accurate general description of N.Y. Lab. Law § 195(3).

58. Paragraph 58 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it was an employer within the

meaning of the NYLL and NYCRR, and Plaintiff was its employee within the meaning of those laws, during the relevant time that Plaintiff worked at a store owned and operated by Defendant 7-Eleven, Inc. Defendant denies the remaining allegations in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60 of the Complaint.

## DEMAND FOR JURY TRIAL

61.     Plaintiff's demand for jury trial does not require a response. Defendant demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF AND REMAINING ALLEGATIONS

Plaintiff's prayer for relief does not require a response. To the extent a response is required, Defendant denies that Plaintiff or any individual she purports to represent or otherwise include in this action is entitled to any damages or other relief in this action. To the extent any allegations in the Complaint have not otherwise been responded to herein, they are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise bear.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The claims of any individual Plaintiff seeks to represent or otherwise include in this action are barred, in whole or in part, to the extent they were not filed within the applicable statutes of

limitations, including under 29 U.S.C. § 255(a) and N.Y. Lab. Law § 198.

### THIRD DEFENSE

Plaintiff's claims, and the claims of any individual she seeks to represent or otherwise include in this action, are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands, including where Plaintiff and such individuals did not record their time properly, accurately, or completely, and/or where they participated in the alleged unlawful conduct that they describe in the Complaint.

### FOURTH DEFENSE

To the extent Plaintiff and any individual she seeks to represent or otherwise include in this action member failed to inform Defendant of any alleged inaccuracies in their time records, those individuals ratified the conduct of which Plaintiff now complains and their claims are barred in whole or in part by the doctrine of ratification.

### FIFTH DEFENSE

Some or all of the time that Plaintiff and any individual she seeks to represent or otherwise include in this action claims to have worked is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

### SIXTH DEFENSE

Plaintiff's claims for relief, and the claims of any individual Plaintiff seeks to represent or otherwise include in this action, are barred, in whole or in part, because the purported unpaid work was *de minimis* and not compensable as a matter of law.

### SEVENTH DEFENSE

To the extent Plaintiff and any individual she seeks to represent or otherwise include in this action has sustained any damages, although such is specifically denied, Defendant is entitled to a set off or offset for any payments for hours they did not work and/or for other compensation they received to which they were not entitled.

**EIGHTH DEFENSE**

Plaintiff's claims for relief, and the claims of any individual Plaintiff seeks to represent or otherwise include in this action, are or may be barred, in whole or in part, because they have been paid all monies that they are owed by Defendant.

**NINTH DEFENSE**

Defendant made complete and timely payment of all wages due.

**TENTH DEFENSE**

Defendant's acts or omissions were taken in good faith, in conformity with, and/or in reliance on a written administrative regulation, order, ruling, approval, or interpretation of the U.S. Department of Labor, the New York State Department of Labor, and/or an administrative practice or enforcement policy of either or both such agencies.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert such other additional defenses as may become known through discovery.

WHEREFORE, Defendant respectfully requests that this Court enter judgment dismissing the Complaint and Plaintiff's claims therein, with prejudice; denying class and collective action status; denying the rest of Plaintiff's prayer for relief; awarding Defendant its costs, including reasonable attorneys' fees, and expenses, in the amount and manner permitted by applicable law; and granting Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 22, 2018

Respectfully Submitted,

SEYFARTH SHAW LLP

By: s/ Howard M. Wexler
Howard M. Wexler
hwexler@seyfarth.com
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500

Facsimile: (212) 218-5526

Attorneys for Defendant 7-Eleven, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2018, I electronically filed the foregoing document with the Clerk of Court using the CMC/ECF system, which served the foregoing on the following counsel of record who are CM/ECF participants:

Michael R. Minkoff
Alexander T. Coleman
Michael J. Borrelli
BORRELLI & ASSOCIATES, PLLC
655 Third Avenue, Suite 1821
New York, NY 10017
Tel. (212) 679-5000

                                        *s/ Howard M. Wexler*
                                        Howard M. Wexler