UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 29 2018 ★

LONG ISLAND OFFICE

| | |
|---|---|
| SHAKEIRA GITTENS, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>7-ELEVEN, INC.,<br><br>Defendant. | Dkt. No.<br>2:17-cv-06378-SJF-AKT |

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE AWARDS, AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND THE ENTRY OF FINAL JUDGMENT

This matter having come before the Court for a fairness hearing on November 29, 2018, pursuant to the Court's Order Granting the Motion for Preliminary Approval of Settlement of Collective and Class Action entered July 31, 2018 ("Preliminary Approval Order") (Dkt. No. 29), upon due and adequate notice having been given to the Settlement Class Members, as required by both Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein to determine the fairness of and final approval of the parties settlement ("Settlement"), and otherwise being fully informed and for good cause shown, the Court finds that the Settlement reached by the parties is fair, reasonable, adequate, and in the best interests of the Federal and New York Classes as defined in the Court's Preliminary Approval Order, and satisfies all requirements of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) and Section 216(b) of the Fair Labor Standards Act ("FLSA").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  This Order GRANTING Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement, Service Awards, an Award of Attorneys' Fees and Expenses, and the Entry of Final Judgment, incorporates by reference the definitions in the Settlement Agreement and all exhibits, addenda, stipulations, and schedules thereto.

2.  This Court has subject matter jurisdiction over this litigation and all members of the Federal and New York Classes.

3.  After consideration of the evidence, the Court finds that the mailing and distribution of the Notice of Class Action Settlement ("Notice"), together with the Releases, constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Settlement Class Members whose mailing addresses and other contact information were identified through reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4.  Pursuant to Fed. R. Civ. P. 23 and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Court hereby approves the Settlement, finds it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members, and satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3), *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and those factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Settlement reflects a reasonable compromise over contested issues involving a bona fide dispute. The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Preliminary Approval Order, and Orders all Parties to take the necessary steps to effectuate Settlement.

5.  The Court has previously certified and grants final certification to the following two Settlement Classes:

  a. Under Fed. R. Civ. P. 23(a) and (b)(3), all individuals who spent at least one day performing any work for Defendant as an hourly, non-exempt employee at either 7-Eleven Store No. 11159 (located at 80 Brooklyn Avenue, Freeport, New York 11520) and/or Store No. 24568 (located at 1571 Hempstead Turnpike, Elmont, New York 11003) (together, the "Relevant Stores") at any time from February 12, 2016 through January 12, 2017 (the "Relevant Time Period "); and

  b. Under 29 U.S.C. § 216(b), all individuals who spent at least one day performing any work for Defendant as an hourly employee in the Relevant Stores during the Relevant Time Period, and who negotiates his/her settlement check received as a result of this settlement, thereby opting in to the settlement of all FLSA claims.

6. The Court hereby makes the following findings of fact:

  a. Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents.  During the prosecution of the litigation, Class Counsel and Defendant's counsel undertook meaningful investigation, and the parties exchanged sufficient information and discovery to fully and fairly evaluate Plaintiffs' claims, as well as Defendant's unwavering denials and defenses, and to make an informed decision about the Settlement.

  b. The distribution of the Settlement is fair, reasonable, and equitable.

  c. The Settlement provides for a Settlement Fund of $150,000.00, of which $79,863.70 is available to satisfy the claims of the Settlement Class Members.  Out of thirty-nine mailed notices, one Class Member opted out - - Mr. Junior Guy - - and zero Class Members objected.  All Class Members who did not exclude themselves from the settlement submitted will be sent a check for an amount based on the number of days that

he or she worked in one of the Relevant Stores during the Relevant Time Period. Recovery for each Class Member will be based on the following formula:

$$\left[ \$150{,}000.00 - \begin{pmatrix} \text{Service Awards,} \\ \text{Attorneys' Fees, Costs,} \\ \text{and Claims} \\ \text{Administrator Expenses} \end{pmatrix} \right] \times \frac{\text{Individual Class Member's Total Point Value}}{\text{Class Members' Combined Point Value}} = \text{Individual Settlement Payment}$$

    d.    The Settlement provides for $5,000.00 Service Awards each, for a total of $15,000.00, for Named Plaintiff Shakeira Gittens, and Opt-in Plaintiffs Daniella Adames and Lisanyela Gonzalez, all three of which are hereby approved.

    e.    The Settlement also provides for a payment of $50,000.00, or the equivalent of 33.33% of the total Settlement Fund, plus $636.30 for Class Counsel's out-of-pocket expenses, totaling $50,636.30.

    f.    Claims Administrator fees are to be paid out of the Settlement Fund in the amount of $4,500.00.

    g.    Employer-side payroll taxes are to be paid by Defendant either from any uncashed funds or, if insufficient, separately from the Settlement Fund in the amount determined by the Claims Administrator.

    h.    Given the disputed issues of fact and law and the risks to the Settlement Class Members, and the further delay that would be caused by continued litigation, including potential trial, and the subsequent appeal of any judgment after trial, the Settlement is fair, reasonable, and in the best interests of the Settlement Class Members.

    i.    Considering the factual and legal issues in dispute, anticipated motion practice, the possibility of trials and appeals, and the expected duration of litigation, the terms and amount offered in the Settlement are highly favorable.

    j. Class Counsel has extensive experience in wage and hour collective and class action litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for the Named Plaintiff, Opt-in Plaintiffs, and Settlement Class Members. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the litigation and because of their extensive experience in similar actions. Defendant's counsel likewise has substantial experience in this area and they too believe that the Settlement is fair and reasonable.

    k. All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of the Settlement, including the plan of allocation and distribution to ensure a fair, adequate, and equitable distribution.

    l. Only one Class Member has excluded himself from the settlement and no Class Member has filed a timely objection.

7. Based on those findings of fact, the Court hereby ORDERS as follows:

    a. The terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and in full compliance with all applicable due process requirements. The parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment.

    b. The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement are final.

c.  Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations in this action, or of any liability, fault, or wrongdoing of any kind.

d.  The Named Plaintiff, Opt-in Plaintiffs, and all members of the Settlement Class, with the exception of the single opt-out, Junior Guy, shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

e.  All Class Members, including the Named and Opt-in Plaintiffs, will release Defendant from wage and hour claims arising under New York law that were asserted or could have been asserted in this lawsuit.

f.  As set forth in (and without in any way modifying or limiting the releases set forth in) the Settlement documents, the Named Plaintiff, Opt-in Plaintiffs, and all Class Members who negotiate their settlement checks, will also release Defendant from all FLSA claims that were asserted or could have been asserted in this lawsuit.

g.  As set forth in (and without in any way modifying or limiting the releases set forth in) the Settlement documents, all claims against Defendant in this action as provided in the Court-approved Releases are dismissed with prejudice and the Clerk is directed to close this case. ~~but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement over the Parties' Settlement and over the administration and distribution of the Settlement Fund.~~

*[handwritten initials: SJF/ack]*

  h. Having reviewed the appropriate case law, the requests for Service awards are granted. Arden Claims Service, LLC is hereby ordered to pay Shakeira Gittens, Daniella Adames, and Lisanyela Gonzalez $5,000.00 each from the Settlement Fund.

  i. Having reviewed the appropriate case law and Class Counsel's billing records, and having conducted a cross-check with Class Counsel's lodestar calculation, and with no objection from Defendant or any Class Member, the Court finds that Class Counsel's application for attorneys' fees in the amount of $50,000.00 is fair and reasonable and is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and with no objection by Defendant or any Class Member, Class Counsel's request for expenses in the amount of $636.30 is granted.

  j. Arden Claims Service, LLC is to be paid $4,500.00 for administration fees and costs from the Settlement Fund.

  k. Employer-side payroll taxes are to be paid by Defendant either from any uncashed funds, or if insufficient, separately from the Settlement Fund, per Arden Claims Service, LLC's calculations of the same.

 8. Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement.

**SO ORDERED**, this 29th day of November, 2018, Central Islip, New York.

              s/ Sandra J. Feuerstein
              _____
              The Honorable Sandra J. Feuerstein, U.S.D.J.